**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DOREEN DEAGUILA,**

    Plaintiff,

v.                                                                              Case No.  8:10-cv-1058-T-30EAJ

**BRIGHTHOUSE LLC, et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Bright House Networks, LLC's Motion to Dismiss the First Amended Complaint and to Strike Certain Demands for Punitive and Liquidated Damages (Dkt. 8) and Plaintiffs' Memorandum of Law in Opposition of same (Dkt. 13).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Doreen Deaguila's ("Deaguila") First Amended Complaint (Dkt. 5) alleges that her employer, Bright House Networks, LLC ("BHN"), discriminated against her and other similarly-situated but unnamed individuals, because of their ages and alleged disabilities and retaliated against them because they allegedly complained of such discrimination.  Specifically, the following six counts are asserted against BHN: (1) violations of Title VII of the Civil Rights Act of 1964 (Count I); (2) violations of the Age

Discrimination in Employment Act ("ADEA") (Count II); (3) violations of the Americans with Disabilities Act (ADA) (Count III); (4) hostile work environment (Count IV); (5) retaliation in violation of the Florida Civil Rights Act (Count V); and disability discrimination under the Florida Civil Rights Act (Count VI).

The case is now at issue upon BHN's motion to dismiss and Plaintiffs' response to same. As an initial point, BHN argues that the claims against it must be dismissed because it is not Plaintiffs' employer. BHN also argues that the claims fail to state a claim and that the claims on behalf of the class must be dismissed because there is no allegation that any plaintiff other than Deaguila exhausted the administrative remedies. Lastly, BHN argues that Plaintiffs' claims for punitive, liquidated, and certain compensatory damages should be stricken.

For the reasons set forth herein, the Court concludes that the motion to dismiss should be granted in part and denied in part.

## DISCUSSION

### I.     Standard of Review on a Motion to Dismiss

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to

dismiss, a plaintiff''s complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims").  Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**II.     BHN's Motion to Dismiss**

    **A.     BHN's argument that it never employed Deaguila and is not a proper party defendant.**

BHN argues that all of the claims against it must be dismissed, with prejudice, because it never employed Deaguila.  Plaintiffs counter that BHN's argument is premature and more appropriate for summary judgment.  Plaintiffs also point out that BHN's argument ignores the law regarding parent corporations and that discovery will reflect that BHN is the correct defendant.  And Plaintiffs attach exhibits to their response, which they argue demonstrate BHN is the correct defendant.

The Court concludes that, at this stage, it would be inappropriate for the Court to analyze the facts surrounding whether BHN was Deaguila's or the unnamed Plaintiffs' employer.[1] Such an analysis is more appropriate for the summary judgment stage. Accordingly, BHN's motion to dismiss on this ground must be denied.

### B. BHN's argument that the First Amended Complaint must be dismissed as to the unnamed Plaintiffs.

BHN argues that the First Amended Complaint must be dismissed as to the unnamed Plaintiffs for their failure to exhaust their administrative remedies. The Court agrees. A claim for discrimination under Title VII, the ADA, the ADEA, and the Florida Civil Rights Act, requires the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Florida Commission on Human Relations. Although the First Amended Complaint reflects that Deaguila exhausted her remedies, there is no mention that the unnamed Plaintiffs exhausted their administrative remedies. The First Amended Complaint also does not contain an allegation that Deaguila's charge of discrimination included allegations of class-based discrimination. *See Lewis v. Smith*, 731 F2d. 1535, 1540 (11th Cir. 1984) (noting that a named plaintiff must exhaust class administrative remedies and that exhaustion of individual claims is insufficient on behalf of the class).

Accordingly, BHN's motion to dismiss on this ground must be granted and the First Amended Complaint must be dismissed, without prejudice, as to the unnamed Plaintiffs.

---

[1] Although it would behoove Plaintiffs to move to amend their complaint if subsequent facts reveal that BHN is not the proper defendant.

Plaintiffs are granted twenty (20) days from the date of this Order to amend, assuming they can allege exhaustion of the class administrative remedies as set forth herein.

### C. BHN's argument that Count I must be dismissed with prejudice.

BHN argues that Count I must be dismissed with prejudice because Title VII does not prohibit discrimination based on age. In their response, Plaintiffs concede that this count should be dismissed with prejudice. Accordingly, BHN's motion to dismiss on this ground must be granted and Count I shall be dismissed with prejudice.

### D. BHN's argument that Counts III - VI fail to plead sufficient facts to state a claim.

BHN argues that Counts III - VI must be dismissed for failure to state a claim. Specifically, BHN argues that Plaintiffs assert merely legal conclusions in support of these claims, without any supporting facts. The Court agrees. These counts contain insufficient facts to meet the burden set forth in *Twombly* and *Iqbal*. Regarding the alleged disability discrimination, the First Amended Complaint does not even describe what the alleged disabilities are. The claim for hostile work environment similarly fails to allege any facts that Plaintiffs were subject to discrimination amounting to a severe and pervasive environment. Lastly, the retaliation claim fails to allege sufficient facts that Plaintiffs engaged in statutorily protected activity. For example, there are no allegations as to the nature of the complaint, to whom and by whom it was reported, and whether BHN was aware of the alleged complaint.

Simply put, Counts III - VI fail to allege more than labels and conclusions as set forth in *Twombly* and *Iqbal* and should be dismissed, without prejudice to Plaintiffs to amend.

Accordingly, BHN's motion to dismiss on these grounds must be granted and these counts are dismissed, without prejudice to Plaintiffs to amend within twenty (20) days from the date of this Order.[2]

### E.     BHN's argument to strike Plaintiffs' claimed damages.

BHN argues that Plaintiffs' demands for punitive damages, liquidated damages, and the demand for compensatory damages under the ADEA must be stricken. As an initial matter, Plaintiffs concede that their claim for compensatory damages for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering should be stricken. Thus, the Court hereby strikes these claims of damages from Count II.

As to Plaintiffs' claim for liquidated damages in Count II, the Court concludes that Plaintiffs have sufficiently alleged facts that would suggest that BHN's behavior was "willful", i.e., that it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.[3] Thus, BHN's motion to dismiss is denied as to this ground.

As to Plaintiffs' claims for punitive damages in Counts III - VI, this matter is now moot, since the Court previously stated, herein, that Plaintiffs must amend these claims. However, Plaintiffs should be advised that the amended counts should contain sufficient allegations that BHN acted with an intent to harm or reckless indifference in order to include a claim for punitive damages.

It is therefore ORDERED AND ADJUDGED that:

---

[2] As set forth herein, if the unnamed Plaintiffs cannot amend to establish the exhaustion of their administrative remedies, only Deaguila should amend these claims.

[3] Notably, the ADEA claim is the only claim BHN did not move to dismiss.

1.  Defendant Bright House Networks, LLC's Motion to Dismiss the First Amended Complaint and to Strike Certain Demands for Punitive and Liquidated Damages (Dkt. 8) is hereby granted in part and denied in part.

2.  All claims asserted by the unnamed Plaintiffs are dismissed without prejudice as set forth herein.

3.  Count I of the First Amended Complaint is dismissed with prejudice.

4.  Counts III - VI of the First Amended Complaint are dismissed without prejudice to amend within twenty days (20) from the date of this Order.

5.  Plaintiffs' claim for compensatory damages for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering in Count II are hereby stricken.

**DONE** and **ORDERED** in Tampa, Florida on August 25, 2010.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1058.mtdismissFINAL.frm