**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DOREEN DEAGUILA,**

    **Plaintiff,**

**v.**                                                       **Case No.  8:10-cv-1058-T-30EAJ**

**BRIGHT HOUSE NETWORKS, LLC, and**
**ADVANCE NEWHOUSE PARTNERSHIP,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Strike Three "Consents to Join" and to Dismiss Three Putative Plaintiffs from the Action (Dkt. 50) and Plaintiffs' Response in opposition (Dkt. 54).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

Plaintiff Doreen DeAguila is a former employee of Defendant Advance/Newhouse, who filed a five-count complaint in which she alleged various causes of action, including an "opt in" collective action claim under the Age Discrimination in Employment Act ("ADEA").  Pursuant to the Court's original scheduling order, the third-party/joinder cut-off was set for December 15, 2010.  Additional former employees of Advance/Newhouse, and one current employee, subsequently joined the litigation prior to the December 15, 2010

joinder cut-off. Plaintiffs then moved the Court for an extension of this date to January 31, 2011, which the Court granted. And in December 2010, additional Plaintiffs filed consents to join.

Plaintiffs did not move for any further extensions of the joinder cut-off date. However, on March 17, 2011, Marie Cycyk and Ruth Harr filed consents to join the collective action. On March 21, 2011, Algie Brown filed a consent to join the collective action. On March 24, 2011, Plaintiffs filed a motion to extend the fact discovery cut-off date from March 28, 2011 to April 20, 2011, for the sole purpose of taking the depositions of Defendants' corporate representatives. The Court granted this extension. Plaintiffs did not seek an extension of the January 31, 2011 joinder cut-off.

This case is at issue upon Defendants' motion to strike the notices of consent filed by Marie Cycyk, Ruth Harr, and Algie Brown, because they were filed nearly six weeks after the January 31, 2011 joinder cut-off. Defendants argue that Plaintiffs have not demonstrated good cause for their failure to abide by this cut-off date. The Court agrees that Plaintiffs fail to establish any reason as to why these parties were belatedly added to this lawsuit.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "shall not be modified except upon a showing of good cause." *Id.* Once good cause is shown, the Court will consider the motion on its merits, in accordance with the other applicable rules. This Court takes adherence to the scheduling order seriously and follows the Eleventh Circuit guidelines that "motions filed after a deadline imposed by a court should

be denied as untimely." *Payne v. Ryder System, Inc. Long Term Disability Plan,* 173 F.R.D. 537 (M.D. Fla. 1997). In order to show good cause under Rule 16(b), the moving party must establish that scheduling deadlines could not be met despite a party's diligent efforts. *See Thorn v. Blue Cross and Blue Shield of Florida, Inc.,* 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal citations omitted).

Here, Plaintiffs have not even requested an extension of the joinder cut-off date. Rather, without explaining the delay, Plaintiffs oppose Defendants' motion to strike, because they argue that dismissal of the belatedly joined parties would impact judicial efficiency. Under these circumstances, the Court disagrees. As Defendants point out, Plaintiff DeAguila knew of Harr and Brown and their claims more than three months before the joinder cut-off, because they are specifically named in DeAguila's October 1, 2010 interrogatory answers. Also, the addition of these parties would require the Court to extend the fact-discovery deadline and other case management deadlines yet again, which delays the progress of this case. Finally, the joinder of these parties is "permissive" under the Rules and they are free to assert their own claims in their own lawsuit, if they so choose.

Accordingly, under these circumstances, Defendants' motion to strike is granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Strike Three "Consents to Join" and to Dismiss Three Putative Plaintiffs from the Action (Dkt. 50) is hereby GRANTED.

2. Marie Cycyk, Ruth Harr, and Algie Brown are dismissed from this lawsuit without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1058.mtstrike50.frm