# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DOREEN DEAGUILA,** *et al.*,

    **Plaintiff,**

v.                                                                                    **Case No.  8:10-cv-1058-T-30EAJ**

**BRIGHT HOUSE NETWORKS LLC and**
**ADVANCE NEWHOUSE PARTNERSHIP,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Award of Attorneys' Fees (Dkt. 94), Defendants' Bill of Costs (Dkt. 95), and Plaintiffs' Memorandum in opposition (Dkt. 99).  The Court, having considered the motion, bill of costs, and response, concludes that the motion for an award of fees should be denied, but, Defendants are entitled to the costs reflected in their bill of costs.

## DISCUSSION

In this case, Plaintiff Doreen DeAguila alleged violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Florida Civil Rights Act ("FCRA"), against Defendants Bright House Networks, LLC and Advance Newhouse Partnership.  The remaining Plaintiffs opted-in to Count I of DeAguila's third amended complaint and thus had only ADEA claims.

On December 21, 2011, the Court awarded summary judgment in favor of Defendants on the entirety of Plaintiffs' claims.

On January 5, 2012, Defendants filed a motion for attorney's fees and a bill of costs. Defendants argue that they are entitled to their attorney's fees because Plaintiffs' claims were filed in bad faith and/or were frivolous, unreasonable, and without foundation in fact.

On January 30, 2012, Plaintiffs filed their opposition. Plaintiffs argue that the standard in this type of case to award fees to a prevailing defendant/employer is exceedingly high. Plaintiffs point out that their case was based on circumstantial evidence of discrimination and that the complaint was not filed in bad faith or without foundation in fact.

The Court concludes that, although it did not believe this was a close case, as stated in its order granting summary judgment to Defendants, Plaintiffs' claims were not filed in bad faith or frivolous.

Specifically, the crux of this case was Plaintiffs' ADEA claim. Although the ADEA does not specifically authorize prevailing defendants to recover attorney's fees, the Eleventh Circuit has held that prevailing defendants may be awarded fees in certain circumstances. *See Turlington v. Atlanta*, 135 F.3d 1428, 1437 (11th Cir. 1998). A prevailing ADEA defendant must show that the plaintiff litigated in bad faith before it may recover attorney's fees and expenses. *See Turlington* at 1437.

A review of the record on summary judgment does not demonstrate any bad faith on Plaintiffs' part.

Plaintiff DeAguila's ADA claim and FCRA claim are analyzed under the *Christiansburg* rule. In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), the Supreme Court determined the standard by which a prevailing defendant in a Title VII case can recover attorney's fees from a plaintiff.[1] The Court held that Title VII "was so drawn to effectuate a strong policy against discrimination and encourage potential plaintiffs to challenge perceived discrimination" but that Title VII, nonetheless, "permits a prevailing defendant to recover fees, *only if* a plaintiff's claim proves frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after the claim clearly became so." *Id.* at 417-22 (emphasis added). In this regard, the Court found a delicate balance of interests struck in Title VII, a balance consistent with Congressional intent and the federal judicial process. *Id.* at 418-19. The Court also stated that it was in the district court's discretion to determine whether a plaintiff's claim or continued litigation warranted liability for a defendant's attorney's fees. *Id.*

The record does not demonstrate that DeAguila's ADA and FCRA claims were frivolous, unreasonable, or groundless so as to warrant fee shifting under the *Christiansburg* rule. Accordingly, the Court declines to award Defendants their attorney's fees. However, Defendants are entitled to recover their costs and the Court concludes that the costs reflected in Defendants' bill of costs are reasonable.

---

[1] The Eleventh Circuit later held that the *Christiansburg* rule applies to a prevailing defendant employer in an ADA action. *See Bruce v. City of Gainesville*, 177 F. 3d 949, 951 (11th Cir. 1999). And the law is clear that the FCRA is patterned so closely after Title VII that the two acts are considered essentially co-extensive and cases disposing of Title VII claims are equally dispositive in regard to claims under the FCRA. *See Harper v. Blockbuster Entertainment, Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for Award of Attorneys' Fees (Dkt. 94) is DENIED.

2. The Clerk is directed to enter a **BILL OF COSTS** against Plaintiffs and in favor of Defendants in the amount of **$10,592.40** for taxable costs.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2012.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1058.fees94.frm